**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRADLEY STEPHEN COHEN; COHEN ASSET MANAGEMENT, INC., | No. 17-16960 |
| Plaintiffs-Appellants, | D.C. No. 2:17-cv-00057-GMN-GWF |
| v. | |
| BERKLEY NATIONAL INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted July 8, 2019
Seattle, Washington

Before:    WATFORD and MILLER, Circuit Judges, and BENITEZ,** District Judge.

Bradley S. Cohen and Cohen Asset Management, Inc. ("CAM") appeal the

district court's dismissal for failure to state a claim of their diversity insurance

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

coverage action against Berkley National Insurance Co., alleging breach of contract under Nevada law in Berkley's refusal to indemnify a federal defamation judgment that Cohen and CAM obtained against Berkley's insured. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, s*ee Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017), and we affirm.

The district court properly ruled that Cohen and CAM failed to state a claim for breach of contract. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 526 (9th Cir. 2008) (dismissal is proper if it appears beyond doubt that plaintiffs can prove no set of facts that would entitle them to relief). Two Berkley policies insured Northwest Territorial Mint, LLC, against liability for damages for "personal and advertising injury." The district court correctly concluded that policy exclusions for "knowing violation of the rights of another" and for "material published with knowledge of its falsity" were unambiguous and required that the insured acted with knowledge. *See Century Sur. Co. v. Casino West, Inc.*, 329 P.3d 614, 616 (Nev. 2014) (setting forth standard for preclusion of coverage under a policy exclusion). Further, considering the underlying complaint and the verdict and judgment, which found that the conduct of Northwest and other defendants amounted to fraud, the "knowledge of falsity" exclusion plainly applied. *See Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 779 F.3d 1036, 1042-43 (9th Cir. 2015) (documents that are incorporated into the complaint or that form the basis of

2

plaintiffs' claim may be considered part of the pleading); *Century*, 329 P.3d at 616.[1]  The punitive damages award against Northwest was covered by the exclusion because the jury and the district court awarded punitive damages specifically against Northwest, and Cohen and CAM are not entitled to indemnification of compensatory damages because the jury and district court did not distinguish between compensatory and punitive damages in finding that Northwest and the other defendants' conduct amounted to fraud, oppression, and malice.

The district court did not abuse its discretion in dismissing without leave to amend.  *See Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1125 (9th Cir. 2018) (no abuse of discretion in dismissing with prejudice when amendment would be futile).

We deny appellee's motion for judicial notice of documents not attached to the complaint and not part of the record before the district court (Docket Entry No. 31).  Appellants' motion to strike portions of the answering brief (Docket Entry No. 35) is denied.

**AFFIRMED.**

---

[1] Cohen and CAM asserted for the first time at oral argument that the jury instructions given at trial render it unclear whether the jury found that Northwest itself engaged in knowing and intentional conduct sufficient to trigger the exclusions.  We decline to address this argument as Cohen and CAM failed to preserve it below or adequately develop it in their briefs on appeal.